UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:
MARCELLA AUSTIN,
    Debtor

CHAPTER 7
Case No. 03-18868-WCH

MARCELLA AUSTIN,
    Plaintiff,
v.

EDUCATIONAL CREDIT
MANAGEMENT CORP. et al.,
    Defendant

ADVERSARY PROCEEDING

## BENCH DECISION

### I. Introduction

Marcella Austin ("Plaintiff") brought this adversary proceeding against three defendants seeking to have her student loan balances held dischargeable pursuant to 11 U.S.C. § 523(a)(8) on the grounds that they impose an undue hardship on her and her dependents. The Plaintiff obtained a default judgment against two defendants and Educational Credit Management Corp. ("Defendant") was substituted for the third defendant. After holding a trial on the matter, I will enter judgment for the Plaintiff as detailed below.

### II. Findings of Fact

1. Defendant suffers from a variety of medical problems and does not have the current ability to make payments on her remaining student loans.

2. No admissible medical evidence was introduced and I find that Plaintiff has not sustained her burden of showing that the conditions which presently inhibit her ability to obtain

employment will continue into the future.

3. Plaintiff testified that she would have entered into the Ford program, which makes student loan repayment dependent upon ability to pay, except for her perception that the overhanging debt would affect her credit rating. She also explained that she understood that at the end of the repayment period of 25 years, when she would be 70 years old, she would be taxed to the extent that any loan balance was forgiven.

III. **Conclusions of Law**

1. The parties have stipulated that the *Brunner* test would be the applicable law.[1] This is contrary to my oft-announced position that the appropriate test is "the totality of the circumstances," as proposed by Judge Haines in *Kopf*[2] and adopted by Judge Boroff in *Hicks*.[3] In the present case, however, I find that Plaintiff's efforts to keep the loans from falling into default by seeking such deferment mechanisms as were available, constituted a good faith effort to pay, notwithstanding that no payments were in fact made. With that element of *Brunner* out of the way, there is no practical difference between the tests as they are to be applied here.

2. Plaintiff has not demonstrated that her medical conditions will continue indefinitely, making it impossible for her to make payments on the loans in the future.

3. At the end of the repayment period, Plaintiff will owe somewhere between nothing (if her situation improves to the point that she would pay off the loans), or the full amount plus accrued interest if she remains unable to pay. If there is a balance, I find that payment of the tax on the amount to be forgiven would impose an undue burden on Plaintiff (her minor children would not

---

[1] *Brunner v. New York State Higher Education Servs. Corp.*, 851 F.2d 395 (2nd Cir. 1987).

[2] *Kopf v. United States Dep't of Educ. (In re Kopf)*, 245 B.R. 731 (Bankr. D. Me. 2000)

[3] *In re Hicks*, 2005 WL 2271837 (Bankr. D. Mass. 2005)

be a consideration at that point), and hence are dischargeable under 11 U.S.C. § 523(a)(8).

IV. **Conclusion**

Based upon Plaintiff's undertaking to enter into the Ford program I find that, to the extent that she satisfies the requirement for payments under that program, any balance remaining at the end of the repayment period is discharged.

William C. Hillman
United States Bankruptcy Judge

Dated: 10/19/05